Requestor: Burt J. Valvo, Town Attorney Town of Hanover P.O. Box 66 Forestville, N.Y. 14062-0066
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
You have asked whether a village police chief may also serve on the town board of the town in which the village lies.
Your letter states that the Town of Hanover contains two villages: Silver Creek and Forestville. The Town of Hanover justice court serves the entire township, including both villages. Charges brought by the Village of Silver Creek police department are heard in the Town of Hanover justice court. You have also informed us that the chief of the Village of Silver Creek police department appears in justice court as both prosecutor and witness (see People v Van Sickle, 13 N.Y.2d 61 [1963]; 1979 Op Atty Gen 28).
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positons. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
In addition to setting the budget for the justice court and auditing expense vouchers submitted by the town justices, the town board has the authority to fix the salary of the town justice(s) (Town Law, §§ 27,64, 69). In sum, the board plays a significant role in determining the working conditions of the town justice.
Based on the board's powers with regard to the town justice and the town justice court, we have concluded in the past that it would be a conflict of interest for a town board member who is an attorney to practice law before the town justice (1980 Op Atty Gen [Inf] 112). The board member's authority over the town justice's salary and working conditions creates the potential that he may receive special treatment when appearing before the town justice in his capacity as an attorney. We have regularly found that public officials should avoid circumstances which compromise their ability to make impartial judgments solely in the public interest (1987 Op Atty Gen [Inf] 143; 1984 Op Atty Gen [Inf] 86, 160). Even the appearance of impropriety should be avoided in order to maintain public confidence in government (ibid.).
The same conclusion is reached when the town board member appears before the town justice in his capacity as a police officer prosecuting a minor offense. The town justice's ability to remain impartial may be compromised when one of the parties appearing before him has direct control over his salary and conditions of employment. At least, there is an appearance of impropriety.
We conclude that the positions of town board member and chief of the police department of a village within the town are incompatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.